IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DWAYNE RICARDO SMITH,
        Plaintiff,

vs.                                        Case No.:  3:16cv509/LAC/EMT

JULIE L. JONES, et al.,
        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Dwayne Ricardo Smith ("Smith"), proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).  The matter is now before the court on Smith's First Amended Complaint (ECF No. 7).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Smith, it is the opinion of the undersigned that this case should be dismissed because Smith has not stated, and cannot state, a plausible federal claim against any Defendant.

I.        BACKGROUND

Smith is an inmate of the Florida Department of Corrections ("FDOC"), housed at Santa Rosa Correctional Institution ("SRCI") (*see* ECF No. 7 at 3).[1]  Smith names as Defendants Julie L. Jones, Secretary of the FDOC; Jimmy Coker, Warden of SRCI; Seth Parlieu, a correctional officer at SRCI; and K. Hollis, a correctional officer at SRCI (*id.* at 1–3, 10–11).  Smith alleges that on July 25, 2016, at 9:25 a.m., Defendants Parlieu and Hollis came to his cell to escort him for outdoor recreation (*id.* at 6–7, 12–15).  Smith alleges after he was handcuffed, Defendant Parlieu searched his cell.  Smith alleges that upon his return from recreation two hours later, he observed that all of his personal property was strewn all over his cell.  Smith alleges he noticed that three of his books were damaged, and some items of his personal property were missing (bars of soap, stamps, and a religious head covering).  Smith alleges he notified several officers, including Defendants Parlieu and Hollis, and he filed grievances with Defendants Coker and Jones.  Smith alleges Coker and Jones denied his grievances without investigating his allegations (by viewing video from fixed wing cameras, and interviewing Smith and an inmate witness).

Smith claims that the search of his cell and damage to and loss of items of his personal property violated FDOC procedures and the Fourth, Fifth, and Fourteenth

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

Case No.:  3:16cv509/LAC/EMT

Amendments (ECF No. 7 at 8, 18–19).  He claims he endured pain, suffering, and emotional distress as a result of Defendants' conduct (*id.*).  As relief, Smith seeks compensatory and punitive damages, as well as an injunction requiring Defendants to "stop their Klu [sic] Klux Klan tactics" (*id.* at 8, 20–21).

## II.    DISCUSSION

The court is statutorily required to review the Amended Complaint to determine whether this action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted).  The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted).  And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted).  Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679.  In civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . .  A complaint will be dismissed as insufficient where the

allegations it contains are vague and conclusory." <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted).

Prisoners have no reasonable expectation of privacy in their prison cells.  *See* <u>Hudson v. Palmer</u>, 468 U.S. 517, 526, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). Therefore, the search of Smith's cell did not violate his Fourth Amendment rights. *See id.*, 468 U.S. at 530.   Accordingly, Smith's Fourth Amendment claims against Defendants Parlieu and Hollis must be dismissed.

Smith's allegations also fail to state a plausible due process claim.  The Due Process Clause encompasses two components, a substantive component and a procedural component. The substantive component of the Due Process Clause protects only "fundamental" rights.  *See* <u>McKinney v. Pate</u>, 20 F.3d 1550, 1556 (11th Cir. 1994) (citing <u>Palko v. Connecticut</u>, 302 U.S. 319, 325, 58 S. Ct. 149, 82 L. Ed. 288 (1937)).   Fundamental rights "are protected against certain government actions regardless of the fairness of the procedures used to implement them." <u>McKinney</u>, 20 F.3d at 1556 (internal quotation omitted).  In contrast, "areas in which substantive rights are created only by state law . . . are not subject to substantive due process protection . . . because substantive due process rights are created only by the Constitution."  *Id.* (internal quotation omitted).  Such state law-based rights can be

rescinded "so long as the elements of procedural—not substantive—due process are observed." *Id.*

Property interests are created and defined by state law rather than the Constitution. *See* Greenbriar Village, L.L.C. v. Mountain Brook City, 345 F.3d 1258, 1262 (11th Cir. 2003) (citing Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972)).  They are not fundamental rights, and thus are not entitled to substantive due process protection. *See id.* at 1262–63 ("[N]on-legislative deprivations of state-created rights . . . cannot support a substantive due process claim.); *see also* Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 229, 106 S. Ct. 507, 88 L. Ed. 2d 523 (1985) (Powell, J., concurring) ("While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution . . . substantive due process rights are created only by the Constitution.").

With regard to the procedural component of the Due Process Clause, the Supreme Court has unequivocally held that an unauthorized intentional deprivation of property by a state actor does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *See* Hudson, 468 U.S. at 533.

Under Florida law, a person may file a tort action in state court to recover damages for loss or destruction of property.  *See* Fla. Stat. § 768.28 (2011).  The existence of § 768.28 provides Smith with a meaningful, post-deprivation remedy to challenge the loss of property caused by intentional conduct of Defendants Parlieu and Hollis. Additionally, the Due Process Claim is not implicated by a negligent act of an official causing unintended loss of property.  <u>Daniels v. Williams</u>, 474 U.S. 327, 328, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).  Therefore, Smith's due process  claims concerning the damage to and loss of items of his personal property are foreclosed in this § 1983 action.

Additionally, Smith's allegations fail to state a due process claim against Warden Coker and Secretary Jones based upon their failure to investigate Smiths's grievances.  There is no substantive or procedural due process right to an internal investigation by law enforcement officials of a complaint that officers engaged in misconduct.  *See* <u>Vinyard v. Wilson</u>, 311 F.3d 1340, 1356 (11th Cir. 2005) (holding there is no substantive or procedural due process right to an internal investigation by the sheriff's department of plaintiff's claim that he was subjected to excessive force by sheriff's deputies); *see also* <u>Flores v. Satz</u>, 137 F.3d 1275, 1278 (11th Cir. 1998) (plaintiff had no clearly established constitutional right to have prosecutor investigate

properly or prosecute expeditiously). Additionally, Smith has not alleged facts showing a procedural due process violation, because there is no constitutionally protected property interest at stake in this case. *See* <u>Vinyard</u>, 311 F.3d at 1356. Therefore, Smith's due process claims against all Defendants should be dismissed.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.      That this civil rights action be **DISMISSED with prejudice**, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.[2]

2.      The clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this <u>20th</u> day of December 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2] "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." <u>Corsello v. Lincare, Inc.</u>, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment would be futile in this instance, because the facts as alleged in the Amended Complaint, viewed in a light most favorable to Smith, could not be stated in any fashion so as to show that he is entitled to relief. Therefore, the court may dismiss this case without providing opportunity for amendment (the court previously directed Plaintiff to amend his complaint, but this because Plaintiff failed to file his complaint on the court-approved form; it was not based on a substantive review of his allegations (*see* ECF No. 6)).

Case No.:  3:16cv509/LAC/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:16cv509/LAC/EMT